# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK TRAHAN | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 08-4590 |
| D&L SALVAGE, LLC, ET AL. | * | SECTION "L" (3) |

## ORDER

Currently pending before the Court is Defendant Greene's Energy Group, LLC's Motion to Dismiss (Rec. Doc. 22). Greene's contends that the Plaintiff has failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Shortly after Defendant D&L Salvage filed a Third Party Complaint against Greene's seeking indemnity under the terms of the Master Service Agreement, the Plaintiff filed a Supplemental and Amending Complaint asserting a claim for damages directly against Greene's. The Plaintiff essentially argues that, because Greene's may be liable to contractually indemnify D&L, Greene's may also be liable directly to the Plaintiff.

Two days before Greene's motion was set for hearing, the Plaintiff filed a late response. The Plaintiff's response, however, does not address the merits of the issue. Rather, the Plaintiff merely requests that the Court consider dismissing his claims against Greene's without prejudice, as opposed to dismissing them with prejudice.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal is appropriate where the pleader fails to state a claim upon which relief may be granted. "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957)). The complaint must be liberally construed in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct 1955, 1965 (2007).

Even if the Plaintiff is correct that Greene's is contractually bound to indemnify D&L pursuant to the terms of the Master Service Agreement, the Plaintiff has failed to demonstrate that he has a valid claim directly against Greene's. The Plaintiff's terse response fails to address the well-founded merits of the Defendant's argument.

Accordingly, IT IS ORDERED that Defendant Greene's Energy Group, LLC's Motion to Dismiss (Rec. Doc. 22) IS GRANTED, and the Plaintiff's claims against Greene's are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 1st day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE